UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON PERRY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-01726-JPH-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING 28 U.S.C. § 2255 MOTION AS UNTIMELY**

Leon Perry pled guilty to a drug charge in this Court. The Court sentenced Mr. Perry to 235 months in prison and entered judgment on March 4, 2021. *See Perry v. United States*, 1:20-cr-00167-JPH-DLP-1, Crim. Dkts. 45, 46.

Mr. Perry asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. He filed his petition on September 30, 2024. *Id.* The Court issued an order allowing Mr. Perry through December 4, 2024, to show cause why his motion should not be dismissed as untimely. Dkt. 2. On December 19, 2024, Mr. Perry filed his reply to the order to show cause, arguing that he did not file the motion to vacate until he became aware of the error. Dkt. 3.

Because Mr. Perry filed his motion well beyond the one-year limitation period and has not demonstrated that equitable tolling is available, the Court denies his motion and dismisses this action.

1

## I. Applicable Law

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of four triggering events. *Id.* The relevant event in this case is the date when Mr. Perry's judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

When a defendant never appeals, the conviction becomes final when the deadline to file a notice of appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Mr. Perry's deadline was March 18, 2021—14 days after the Court entered judgment in the criminal case. Fed. R. App. P. 4(b)(1)(A)(i). Mr. Perry did not appeal. His conviction therefore became final on the last day he could have filed a notice of appeal, March 18, 2021. The last day he could have filed a timely § 2255 motion was one year later, March 18, 2022. He did not file his § 2255 motion until September 23, 2024, two years and six months after the deadline. Dkt. 1.

The AEDPA statute of limitations "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling is 'rare' and 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented timely filing.'" *Id.* at 339–40 (quoting *Holland*, 560 U.S. at 649).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (cleaned up). Importantly, the movant must show "reasonable effort throughout the limitations period." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). The petitioner cannot satisfy this burden with "mere conclusory allegations of diligence" but must instead offer "specific evidence." *Mayberry*, 904 F.3d at 531.

## II. Discussion

Mr. Perry concedes that his motion is untimely, but he asks the Court to apply equitable tolling because he is "not trained in the law" and therefore relied on his Court-appointed counsel in entering his guilty plea. Dkt. 3 at 1. He states that he filed his motion to vacate within one year of him "first [becoming] aware that his sentence exceeds the Court's jurisdiction as authorized by the grand jury indictment." *Id.* Mr. Perry argues that his attorney's "conduct" should warrant equitable tolling here. *Id.* at 4.

But this explanation does not demonstrate that Mr. Perry pursued his rights diligently throughout the limitation period. His arguments and evidence relate mostly to the underlying ineffective assistance of counsel arguments presented in his § 2255 motion. His arguments do not explain why he failed to file a § 2255 motion within the one-year statute of limitations. Generally,

3

"mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling." *Johnson v. Chandler*, 224 F. App'x 515, 520 (7th Cir. 2007) (discussing equitable tolling of filing deadline for petitions under 28 U.S.C. § 2254); *United States v. Griffin*, 58 F. Supp. 2d 863, 869 (N.D. Ill. 1999) ("[A] run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling of § 2255's limitations period."); *United States v. Petty*, 530 F.3d 361, 365–66 (5th Cir. 2008) ("[L]ack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."). Mr. Perry fails to identify any extraordinary circumstance that prohibited him from filing his § 2255 motion in a timely manner. Likewise, there is no evidence that Mr. Perry diligently pursued his rights during the one-year limitations period. Under these circumstances, Mr. Perry is not entitled to equitable tolling.

### III.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district Court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Perry has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

## IV. Conclusion

Mr. Perry is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. His motion for relief pursuant to § 2255 is **DENIED**, and this action is dismissed with prejudice. The **clerk is directed** to enter final judgment; **to docket** a copy of this order in the criminal case, No.1:20-cr-00167-JPH-DLP-1 and **to terminate** the pending § 2255 motion, dkt. [51], in the criminal case.

**SO ORDERED.**

Date: 2/12/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LEON PERRY, JR.
17672-028
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351